# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| DUSTIN BOND, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action |
| ) | No. 09-3161-CV-S-DGK-H |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a pretrial detainee formerly confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges his mental health treatment at the Medical Center. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner's claims are not properly before this Court, it will be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner contends that he has been involuntarily medicated and illegally committed for mental health treatment, in violation of his constitutional rights.

A review of the record indicates that petitioner was confined at the Medical Center from May 7, 2009, until September 2, 2009, pursuant to 18 U.S.C. § 4241(d). He is currently in transit back to the committing court in the Central District of Illinois. Any challenges petitioner is attempting to raise regarding his commitment should be brought in that court. Petitioner's effort to collaterally attack the validity of his commitment under §4241(d) to restore his competency to stand trial

1

involves unique legal issues, which should be determined by the committing court in Illinois. See Archuleta v. Hedrick, 365 F.3d 644, 649 (8th Cir. 2004). Additionally, given that petitioner is no longer in this district, his attempt to challenge the involuntary administration of psychiatric medication has been rendered moot. It should be noted, however, that petitioner was legally housed at the Medical Center pursuant to a commitment order under § 4241(d) by the District Court for the Central District of Illinois, and that he was lawfully medicated in an attempt to restore competency to stand trial. According to respondent, petitioner's psychotic symptoms are chronic and unlikely to improve without treatment with anti-psychotic medication.

Because this Court lacks jurisdiction of petitioner's claims, it must be recommended that the petition for habeas corpus relief be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition for a writ of habeas corpus be dismissed without prejudice.

/s/ James C. England
JAMES C. ENGLAND, CHIEF
United States Magistrate

Date: 10/16/09